IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICA DAWN P., O/B/O M.M.M, a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 19-CV-267-JFJ ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Erica Dawn P. ("Plaintiff"), on behalf of the minor child, M.M.M. ("Claimant"), seeks judicial review of the decision of the Commissioner of the Social Security Administration finding that Claimant is not disabled. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

A person under the age of 18 is considered "disabled" under the Social Security Act if that individual has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Social Security regulations implement a three-step sequential process to evaluate a claim for

Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See* 20 C.F.R. § 416.924. At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must both meet or equal a listed impairment and meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b)-(d).

In making the third determination – whether a child's impairment meets or equals a listed impairment – the ALJ must consider whether the impairment "medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a). The ALJ must evaluate all relevant factors, including (1) how well the child can initiate and sustain activities, how much extra help he needs, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) the effects of the child's medications or other treatment. 20 C.F.R. § 416.926a(a)(1)-(3). The ALJ also must consider how the child functions in all his activities "in terms of six domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment functionally equals a listing if the child has "marked" limitations in two of the six functioning domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). *See* 20 C.F.R. § 416.926a(e) (defining "marked" and "extreme" limitations).

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff applied for Title XVI supplemental security income benefits on Claimant's behalf on August 28, 2012, alleging Claimant became disabled on January 1, 2008, at the age of four. R. 153-158. Plaintiff subsequently amended Claimant's alleged onset date to August 28, 2012, at the age of eight. R. 152. Plaintiff's claim was denied, and Plaintiff appealed to this Court. This Court remanded the case on May 17, 2017, in order for the ALJ to perform a proper consistency analysis, and to properly evaluate the statement of Claimant's fourth-grade special education teacher, Ms. Lea Ann Pry, as an "other source statement" under Social Security Ruling ("SSR") 06-03p. R. 452-459.

Following remand from the Appeals Council, the ALJ held another hearing on June 4, 2018, at which Plaintiff testified on Claimant's behalf. R. 396-419. The ALJ issued a second decision on June 18, 2018, again denying benefits and finding Claimant not disabled at step three, because her impairments did not meet, medically equal, or functionally equal a listing. R. 465-486. The Appeals Council denied review, and Plaintiff appealed. R. 336-339; ECF No. 2.

In the second decision, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since the amended alleged onset date of August 28, 2012. R. 471. At step two, the ALJ found that Claimant had the following severe impairments: Attention Deficit Hyperactivity Disorder ("ADHD"); Oppositional Defiant Disorder ("ODD"); Major Depressive Disorder ("MDD"); and Anxiety Disorder. *Id.* The ALJ also found Claimant's allergies and asthma were non-severe impairments. *Id.* At step three, the ALJ found that Claimant had no impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a listed impairment. R. 471-485. In the six functional equivalence domains, the ALJ found Plaintiff had "marked" limitations in the domain of attending and completing tasks; "less than marked" limitations in the two domains of (1) acquiring and using information and (2) interacting and relating with others; and no limitation in the three domains of (1) moving about and manipulating objects, (2) caring for yourself, and (3) health and physical well-being. R. 478-485. Accordingly, the ALJ concluded that Claimant was not disabled.

## III.  Issues

Plaintiff raises two points of error in her challenge to the denial of benefits on Claimant's behalf: (1) the ALJ improperly evaluated the statement of Claimant's fourth-grade teacher, Ms. Pry, which rendered her finding of "less than marked" limitations in the domain of interacting and relating with others unsupported by substantial evidence; and (2) the ALJ failed to perform a proper consistency analysis regarding Plaintiff's hearing testimony. ECF No. 14. The Court finds reversible error occurred on both points of error.

## IV.  Analysis

### A.  ALJ Failed to Properly Analyze Ms. Pry's Statement in Domain of Interacting and Relating With Others

Plaintiff argues that the ALJ erred by discounting parts of Ms. Pry's report, despite giving

4

Ms. Pry's report "substantial weight." R. 477. Plaintiff argues this error is harmful, because the ALJ's finding of "less than marked" limitation in the domain of "interacting and relating with others" relied in part on her evaluation of Ms. Pry's report.

In March 2014, Ms. Pry, Claimant's fourth-grade special education math teacher, prepared a statement regarding Claimant's behavior. R. 232-233. Ms. Pry stated that she had had Claimant in class for more than eight months, 45 minutes per school day. She stated that there are two sides to Claimant, in which she is a loner for 90% of the time, and interactive with others for 10% of the time. During the 90% "loner" time, she is very quiet, it is difficult to engage her with the teacher or others in the class, she does not smile, she is sullen, and she acts almost like she is in another world. Claimant will stare into space at times, apparently daydreaming. On her "loner" days, Claimant will refuse to do as instructed in class and will not respond to threats of punishment, no matter the threat or the consequence. Her defiance does not involve screaming or yelling, but Ms. Pry has heard other teachers have the same problem. When Ms. Pry realizes Claimant will not do as instructed regardless of what she says, then she does not "push" the matter and lets the refusal stand.

In evaluating Ms. Pry's statement, the ALJ said she followed the directive of this Court's remand order and accorded it "substantial weight," because Ms. Pry "certainly spent a great deal of time with the claimant and could objectively assess her functional abilities." R. 477. However, the ALJ also noted that a "troubling aspect" of Ms. Pry's report was that, when Claimant was defiant even in the face of punishment, Ms. Pry "would let the matter drop." R. 477-478. The ALJ further explained:

> What incentive, then, did the claimant have to do what was asked of her if Ms. Pry did not follow through with threatened punishment? Ms. Pry indicated the claimant's primary problems were attention to her work, lack of social interaction, and defiance. That the claimant had attention and concentration problems is

5

> consistent with the record, including treatment for ADHD. However, the claimant has been consistently promoted grade to grade and [Plaintiff] reported to the claimant's [primary care physician] in November 2017 (three years after Ms. Pry's report), that medication was helping control the claimant's ADHD. There is also little evidence of the claimant's inability to interact socially with her peers, as Ms. Pry reported.

R. 478.

SSR 06-03p requires the ALJ to consider opinion evidence from "other sources," such as school teachers. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006).[1] When such an opinion "may have an effect on the outcome of the case," the ALJ should explain the weight given to the opinion or otherwise ensure that the discussion of the evidence allows a subsequent reviewer to follow his reasoning. *Id.* at *6. In evaluating evidence from non-medical sources who have had contact with the claimant in their professional capacity, such as teachers, the ALJ may appropriately consider such factors as the nature and extent of the relationship between the source and the individual; the source's qualifications; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individuals' impairments; and any other factors that tend to support or refute the opinion. *Id.* at *4-5.

The Court concludes the ALJ's evaluation of Ms. Pry's "other source" statement was improper under SSR 06-03p. Specifically, while she assigned "substantial weight" to the report and referred to it throughout the opinion, she improperly discounted Ms. Pry's statement that Claimant had serious issues with defiance and interaction with peers and teachers. The ALJ's stated reason for disregarding Ms. Pry's report of discipline issues is simply nonsensical. The ALJ found Ms. Pry's inability to make Claimant respond to punishment or threats of discipline is

---

[1] SSR 06-03p was rescinded effective March 27, 2017, but it still applies to claims that were filed before that date. *See* 82 Fed. Reg. 15263-01, 15263, 2017 WL 1105348 (Mar. 27, 2017).

"troubling," because Claimant had no incentive to comply if Ms. Pry "let the matter drop." R. 478. However, Ms. Pry indicated that Claimant would not do what she was asked no matter what she said "or the consequences" (R. 232), which indicates Claimant did not even respond to actual punishment. It is certainly not unreasonable for a teacher to resort to other methods, even letting the refusal stand, if both threats and punishment do not bring about any change in behavior.

This error in evaluating Ms. Pry's statement is harmful as it pertains to the functional domain of interacting and relating with others. This domain considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). In this domain, the ALJ explained that Claimant had "less than marked" limitation because (1) Claimant's 2012 IEP noted that she could be shy and quiet, with selective mutism toward unfamiliar adults, and that she had trouble initiating conversation and responding verbally in a whole group setting (R. 177); (2) Claimant's third-grade teacher, Ms. Churchwell, noted in her 2012 teacher questionnaire that she had no "serious problem" or "very serious problem" in any of the subcategories within this domain, although she stated claimant had an "obvious problem" in six of the thirteen subcategories (R. 204); (3) Claimant was cooperative and well-mannered at her 2013 mental consultative examination, and she expressed herself well (R. 326); (4) Ms. Pry stated Claimant would only interact with her peers about 10% of the time, and the remainder of the time she was very quiet, did not smile, was sullen, and was difficult to engage (R. 232-233); and (5) Claimant's primary care physician from 2012 to 2013, Wendy McConnell, M.D., noted Claimant behaved appropriately for her age (R. 314, 321, 332). R. 482. However, it appears the ALJ disregarded Ms. Pry's statement that Claimant would refuse to comply with her instructions during 90% of

7

class time, and no threat or consequence would make her compliant. R. 232-233. A reasonable factfinder, who had properly considered Ms. Pry's statement regarding discipline problems, could have found "marked" or "extreme" limitations in this domain. As a result, remand is warranted.

In his response brief, the Commissioner notes that the ALJ gave "substantial weight" to Ms. Pry's statement. ECF No. 19 at 13-14. However, the Commissioner does not attempt to explain the ALJ's issue with Ms. Pry's report regarding Plaintiff's discipline problems. Instead, the Commissioner points out that the ALJ cited other evidence showing Claimant's symptoms were managed effectively with medication in later years, was consistently promoted from grade to grade, and was making As, Bs, and Cs as of 2017 (R. 478). Nonetheless, the Commissioner does not relate this evidence to the domain of interacting and relating with others, nor does he adequately justify the ALJ's unreasonable discussion of Ms. Pry's statement as of 2014. The Court therefore concludes that reversible error occurred with respect to the evaluation of Ms. Pry's statement.

    **B.**    **ALJ Failed to Perform a Properly Consistency Analysis Regarding Plaintiff's Testimony**

"In determining whether a child is disabled, the agency will accept a parent's statement of a child's symptoms if the child is unable to adequately describe them." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1176 (10th Cir. 2014). *See* 20 C.F.R. § 416.929. "'In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying.'" *Knight*, 756 F.3d at 1176 (quoting *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001)). Pursuant to the applicable agency guidance, the decision also must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any

8

subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2016 WL 1119029, at *9 (Mar. 16, 2016).

During the June 4, 2018, hearing, Plaintiff testified that Claimant had recently completed eighth grade, and "[s]he got her grades up, but it was a struggle." R. 402. Plaintiff further discussed suspensions for "talking back" to teachers and skipping class; defiant behavior at home, including physical altercations; suicidal ideations; antisocial behavior in public; defiant behavior with police; arrests for arson and truancy; and Plaintiff's attempt to have Claimant treated at an inpatient psychiatric facility due to her behavior. R. 402-416. Plaintiff also testified that Claimant's grades in eighth grade were Fs because she "was struggling with zeros," but Claimant was able to bring several Fs up to "two As, a B, and the rest were, like, Fs." R. 417.

In evaluating Plaintiff's testimony, the ALJ found as follows:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> Statements about the intensity, persistence, and limiting effects of the claimant's symptoms are consistent [sic] with the evidence. The claimant's mother paints a picture of an out of control child that is simply not consistent with evidence. Ms. Churchwell's Teacher Questionnaire from September 2012, noted the claimant had difficulty starting or completing her work and indicated the claimant was prone to staring or talking to her neighbor instead of working. Ms. Pry's correspondence from 2014 also noted that 90% of the time, the claimant was in "loner" mode and was very quiet, did not smile, was sullen, and was difficult to engage. The claimant daydreamed and it was difficult to get her attention. She also refused to do what was asked of her even in the face of punishment.

R. 476. The ALJ also stated that no more recent educational records or teacher observations were available. R. 477. The ALJ noted that, despite her problems with ADHD, Claimant was "steadily promoted grade to grade," and that Plaintiff "reported to the claimant's [primary care physician] as recently as November 2017 that medication was helping the claimant's ADHD and [Plaintiff]

9

reported the claimant was making As, Bs, and Cs." R. 477. She further noted Plaintiff's testimony that Claimant had recently passed eighth grade. *Id.* The ALJ noted Plaintiff's testimony of school suspensions and arrests, and she found it "strange" that Claimant's teachers, Ms. Churchwell and Ms. Pry, failed to note such disruptive behavior in their reports from 2012 and 2014. *Id.*

The Court finds that the ALJ failed to conduct a proper consistency analysis regarding Plaintiff's hearing testimony. The ALJ discredited Plaintiff's testimony regarding Claimant's more recent defiant, violent, and destructive behavior by stating there was "no evidence of this in the record." R. 477. However, at a November 2017 clinical visit, Claimant's ADHD medication was increased, which indicates a possible increase in symptoms. R. 614. Moreover, in November 2017, Claimant stated that, although her mood had been good, she had been "recently arrested for skipping class," and she "was also apparently 'obstructing' but [Claimant] denies this." R. 612. At the same visit, Claimant reported she "did also have an altercation with mom over the weekend over a hairbrush." *Id.* These records provide evidence in support of Plaintiff's testimony and, although the ALJ noted these records, she improperly disregarded them in evaluating Plaintiff's testimony. It was further improper for the ALJ to use more remote school records, from 2012 and 2014, as evidence to discount Plaintiff's 2018 testimony. On remand, the ALJ should perform a proper consistency analysis of all of Plaintiff's testimony in light of the entire record, not only selected portions.

## V.     Conclusion

For the foregoing reasons, the ALJ's decision finding Claimant not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 19th day of November, 2020.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

10